**UNITED STATES of America**

v.

**Kevin B. SIRMAN, Appellant.**

No. 08–3050.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Feb. 2, 2009.

Filed Feb. 11, 2009.

Christopher J. Burke, Esq., Office of United States Attorney, Wilmington, DE, for United States of America.

Edson A. Bostic, Esq., Tieffa N. Harper, Esq., Office of Federal Public Defender, Wilmington, DE, for Appellant.

Kevin B. Sirman, Lewisburg USP, Lewisburg, PA, pro se.

Before McKEE and STAPLETON, Circuit Judges, and IRENAS,* District Judge.

---

* Hon. Joseph E. Irenas, Senior United States District Judge for the District of New Jersey, sitting by designation.

1. We have no jurisdiction to review discretionary denials of departure motions in calculating Guidelines sentencing ranges. *United States v. Batista,* 483 F.3d 193, 199 (3d Cir. 2007);

*OPINION OF THE COURT*

STAPLETON, Circuit Judge:

Appellant Kevin Sirman pled guilty to wire fraud and was sentenced to twelve months and one day of incarceration followed by three years of supervised release. This appeal followed.

Sirman's counsel has filed an *Anders* brief. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

I.

We have reviewed the record, and we agree with counsel for the government and Sirman that there are no non-frivolous issues presented by this appeal. Specifically, there are no non-frivolous issues with respect to the denial of Sirman's motion for a downward departure under U.S.S.G. § 5K2.13[1] or with respect to the reasonableness of his sentence.[2]

II.

We are satisfied that Sirman's counsel has adequately fulfilled the requirements of Rule 109.2, and his motion to withdraw will be granted. The issues presented in this appeal lack legal merit and thus do not require the filing of a petition for a writ of certiorari with the Supreme Court.

III.

The judgment of the District Court will be affirmed.

*United States v. Jackson,* 467 F.3d 834, 839 (3d Cir.2006).

2. The record establishes that the sentence was procedurally reasonable, and the sentence imposed was the result of a nearly 15 month variance below the bottom of the Guidelines range.